IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBISHA SHOSHONE TRIBE, EDWARD BEAMAN, VIRGINIA BECK, and CLEAVELAND LYLE CASEY,<br><br>           Plaintiffs,<br><br>      vs.<br><br>JOSEPH KENNEDY, MADELINE ESTEVES, PAULINE ESTEVES, ANGELA BOLAND, and ERICK MASON,<br><br>           Defendants.<br>_____/ | CASE NO. CV F 09-1248 LJO SMS<br><br>**ORDER ON PLAINTIFFS' REQUEST TO DISMISS (Doc. 42) and PLAINTIFFS' MOTION TO STRIKE (Doc. 45)** |

### INTRODUCTION

On February 3, 2010, plaintiffs Timbisha Shoshone Tribe, Edward Beaman, Virginia Beck, and Cleaveland Lyle Casey (collectively "plaintiffs") requested to dismiss this action voluntarily without prejudice. Because defendants Joseph Kennedy, Madeline Esteves, Pauline Esteves, Angela Boland, and Erick Mason ("defendants") filed an answer to plaintiffs' complaint, plaintiffs may only dismiss this case by order of this Court, pursuant to Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Defendants filed an untimely opposition to plaintiffs' request. For the following reasons, this Court GRANTS plaintiffs request to withdraw the request to dismiss, DENIES plaintiffs' request to dismiss as moot, GRANTS plaintiffs' motion to strike defendants' opposition, SETS a briefing schedule on whether subject matter jurisdiction exists in this action, and NOTIFIES the parties of its intent to relate this action to *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB.

## BACKGROUND

Plaintiffs filed their request to dismiss on February 3, 2010. Plaintiffs' request was unaccompanied by a memorandum in support of dismissal and failed to outline the terms of the dismissal aside of a dismissal "without prejudice." By minute order on February 4, 2010, this Court ordered defendants to file either an opposition or statement of non-opposition to Plaintiffs' request for dismissal no later than February 8, 2010. The Court ordered plaintiffs to file a reply, if any, no later than February 11, 2010.

Defendants opposed plaintiffs' request for dismissal on February 9, 2010. Defendants argue that dismissal of this action would cause legal prejudice to defendants. Defendants contend that they will suffer legal harm if they are unable to establish the merits of their defenses in this action. Defendants question plaintiffs' "shift in litigation strategy" by filing a separate lawsuit against the Department of the Interior with this Court, *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB. Defendants further argue that, "when viewed in the context of Plaintiffs' plan to beggar the Tribe, the costs [of this litigation] rise to the level of legal prejudice." Def. Opp., 4. In the alternative, defendants request this Court to dismiss with prejudice and to award defendants costs and attorneys fees. Defendants filed no request to file their opposition after the deadline, and offered no explanation as to why the opposition was filed after the deadline for filing had expired.

On February 11, 2010, plaintiffs filed a: (1) motion to strike defendants' opposition as untimely; (2) reply to defendants' opposition to their request for dismissal without prejudice; (2) request for judicial notice of documents filed in *Wells Fargo Bank NA v. Timbisha Shoshone Tribe*, Case NO. 34-2007-00882066-CU-MC-GDS; and (4) notice of related case. In their reply, plaintiffs offer that if the Court is unwilling to issue an unconditional dismissal of this action, the Court should adopt one of the following proposals: (1) determine whether federal subject matter/removal jurisdiction exists in this matter and remand the action to the Inyo County Superior Court; (2) permit the instant action to be related to *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB, and allow litigation of this action to continue; or (3) permit the plaintiffs to withdraw their request for dismissal.

Having considered the parties arguments, this Court issues the following order.

///

## DISCUSSION

### Motion to Strike

Plaintiffs move to strike defendants' opposition as untimely. Plaintiffs point out that defendants "have a history of missing deadlines and filing late briefs with this Court[.]"  First, defendants failed to respond to plaintiffs' complaint in a timely manner. On August 14, 2009, one month after a pleading was due, defendants moved to file an answer to plaintiffs' complaint out of time. Defendants contended that counsel's calendaring mistake constituted "excusable neglect." The parties stipulated to allow defendants' to answer plaintiffs' complaint out of time on August 20, 2009. Second, defendants failed to oppose plaintiffs' preliminary injunction motion in a timely manner, notwithstanding two orders to extend time for defendants' opposition. Defendants moved for a one-day extension of time on August 14, 2009, the day after the opposition was due, based on counsel's technical difficulties in uploading the motion to this Court's CM/ECF system at 11:30 p.m. on the day the opposition was due. Thus, the instant untimely opposition to plaintiffs' request for voluntary dismissal is defendants' third instance of filing an untimely document in this action.

Plaintiffs move to strike defendants' opposition pursuant to Fed. R. Civ. P. 12(f). Plaintiffs correctly note, however, that Fed. R. Civ. P. 12(f) allows a court to strike material from a *pleading*. Because defendants' opposition is not part of a pleading, Fed. R. Civ. P. 12(f) is inapposite.

Nevertheless, this Court may strike an untimely document using its inherent powers to manage and control its docket and as a sanction for violating this Court's order. "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis removed) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also, Frost v. Perry*, 919 F. Supp. 1459 (D. Nev. 1996) (court strikes untimely motion using inherent powers to control its own docket). This Court's Local Rule 110 reads: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

This Court agrees with plaintiffs that because defendants "have repeatedly [failed] to observe the

Court's deadline[s], it is appropriate that this most recently tardy brief be stricken[.]" The defendants' pattern of untimely filing is inexcusable. This Court disagrees with defendants that a calendar mishap or technical difficulties experienced minutes before a filing deadline constitutes "excusable" neglect. Defendants brazenly submit the most recently untimely document without acknowledging its untimeliness and without a request for permission to file the untimely document. This is defendants' third untimely submission. Indeed, a review of the Court's docket demonstrates that defendants have failed to file a single document within the time limits set by this Court's local rules and this Court's orders. Defendants' failure to abide by this Court's orders and local rules will no longer be met with patience or leniency. Accordingly, using this Court's inherent power to control its own docket, and pursuant to Local Rule 110, this Court STRIKES defendants' opposition as untimely and filed in violation of this Court's order.

### Request to Dismiss

The purpose of the Fed. R. Civ. P. 41(a)(2) voluntary dismissal rule is to permit the plaintiff to dismiss without prejudice so long as the defendant will not be prejudiced. *Stevedoring Servs. of America v. Armilla Intern'l B.V.*, 889 F.2d 919 (9th Cir. 1989). Accordingly, a district court should grant a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) unless the defendant can show that it will suffer some "plain legal prejudice" as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). Generally, a Fed. R. Civ. P. 41(a)(2) dismissal is without prejudice, as stated explicitly in that rule. *Id*.

"Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice occurs "when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Id*. The threat of future litigation is insufficient to establish plain legal prejudice. *Id*. Similarly, no plain legal prejudice occurs when a defendant has been inconvenienced by the commencement of trial preparations, *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994), a defendant will be unconvinced by having to defend in another forum, or a plaintiff will gain a tactical advantage by the dismissal. *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001); *Hamilton v. Firestone Tire & Rubber*

1 *Co., Inc.*, 679 F.2d 143 (9th Cir. 1982).

2  Before arguing the merits of their request to dismiss this action, plaintiffs acknowledge that "both Defendants and the Court have indicated that they doubt [subject matter jurisdiction] exists in this matter." Plaintiffs explain that they have "re-examined their position" and agree that subject matter jurisdiction is lacking. Plaintiffs then argue that this Court should determine that no subject matter jurisdiction exists and remand this action to the Inyo County Superior Court.

 Moreover, plaintiffs point out that a Fed. R. Civ. P. 41(a)(2) dismissal is inappropriate when subject matter jurisdiction is lacking. *See, e.g., Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 767 (8th Cir. 2001) (because federal subject matter did not exist, order granting Fed. R. Civ. P. 41(a)(2) dismissal must be vacated, as there was "no basis for considering further the propriety of the order of dismissal...all that was left was to order the case remanded to the state court."); *Federal Election Campaign Act Lit.*, 474 F. Supp. 1051, 1053 (D. D.C. 1979) ("If a court believe that it is without subject matter jurisdiction, it is inappropriate for that court to engaged in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised.").

 Because the parties question whether subject matter jurisdiction exists, and because a Fed. R. Civ. P. 41(a)(2) dismissal is inappropriate when subject matter jurisdiction is lacking, this Court GRANTS plaintiffs' request to withdraw its request for voluntary dismissal. *See Lau v. Glendora Uni. Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) (granting plaintiffs option to refuse voluntary dismissal). Accordingly, this Court DENIES as moot plaintiffs' request for voluntary dismissal, since it has been withdrawn.

 In addition, this Court will set a briefing schedule to allow the parties to raise appropriate subject matter jurisdiction motions.

### Related Cases Request

 Plaintiffs filed a notice of related case and request that this case be related to *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB. On February 11, 2010, United States District Judge Oliver W. Wanger issued the following order in *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB:

 Pursuant to the provisions of Eastern District Local Rule of Court 83-123(a)(3)

5

and (4), and 83-123(b), it appears that this case is related to *Timbisha Shoshone Tribe v. Kennedy*, 1:09-cv-1248 LJO SMS. The case appears to involve similar subject matter, law, and parties. The parties shall, within ten (10) days, provide written statements of any cause why this case should not be reassigned to United States District Judge Lawrence J. O'Neill.

Consistent with Judge Wanger's February 11, 2010 order, this Court provides notice to the parties in this action of its intent to relate the instant action with *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB. No later than February 22, 2010, defendants shall file an opposition, if any, to this Court's notice of int ent to relate these two cases.

## CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS Plaintiffs' motion to strike defendants' opposition (Doc. 45)
2. DENIES without prejudice Plaintiffs' request to dismiss this action (Doc. 42);
3. GRANTS Plaintiffs' request to withdraw the request for voluntary dismissal (Doc. 46);
4. SETS the following briefing schedule on the issue of whether subject matter jurisdiction exists in this matter:
    - A. No later than **March 10, 2010**, each party shall file an appropriate motion to dismiss based on lack of subject matter jurisdiction, if any, accompanied by a memorandum to support its position.
    - B. No later than **March 24, 2010**, each party shall file an opposition, if any, to the opposing party's motion to dismiss.
    - C. This Court will set a hearing on this motion, if deemed necessary, after considering the parties' motions and memoranda in support thereof; and
5. ORDERS defendants, no later than **February 22, 2010**, to file an opposition, if any, to this Court's notice of intent to relate this action with *Timbisha Shoshone Tribe v. Salazar*, Case No. 1:09-cv-2230 OWW DLB.

IT IS SO ORDERED.

**Dated:   February 17, 2010**            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE