# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBISHA SHOSHONE TRIBE, EDWARD BEAMAN, VIRGINIA BECK, and CLEAVELAND LYLE CASEY,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH KENNEDY, MADELINE ESTEVES, PAULINE ESTEVES, ANGELA BOLAND, and ERICK MASON,<br><br>Defendants.<br>_____ / | CASE NO. CV F 09-1248 LJO SMS<br><br>**ORDER ON DEFENDANTS' MOTION TO AMEND BY SUBSTITUTION** (Doc. 54) and **ORDER FOR ADDITIONAL BRIEFING** |

### INTRODUCTION

Defendants Joseph Kennedy, Madeline Esteves, Pauline Esteves, Angela Boland, and Erick Mason (collectively "Defendants") move to amend by substitution their opposition to Plaintiffs' Timbisha Shoshone Tribe, Edward Beaman, Virginia Beck, and Cleaveland Lyle Casey (collectively "Plaintiffs") motion to remand for lack of subject matter jurisdiction. As explained more fully below, because Defendants fail to justify the equitable relief requested, the Court DENIES Defendants' motion to amend by substitution. In addition, this Court requires supplemental briefing on the pending motion to remand. Using this Court's inherent powers, this Court SETS a modified supplemental briefing schedule on the pending remand motion.

## BACKGROUND

Pursuant to this Court's February 18, 2010 Order ("February 18 Order"), Defendants were required to file an opposition to Plaintiffs' motion, if any, no later than March 24, 2010. Local Rule 134(b) explains that a document will "be deemed filed on a particular day if filed before midnight (Pacific time) on that business day." Notice of the electronic filing of Defendants' document was issued at 12:05 a.m. on March 25, 2010 by this Court's CM-ECF electronic filing and case management system.

Defendants' opposition appears to be incomplete, and sections of the document are incomprehensible. Defendants admit that "[s]everal portions of the filed draft Opposition are incoherent, several have highlighted text, and the document contains many blanks." Def. Mot. to Amend, 1. Plaintiffs characterize Defendants' opposition in the following way:

> The Opposition's 'Introduction' section contains seventeen blank spaces, numerous highlighted lines, and at least two apparent notes to the author. As filed, the factual portion of the Opposition is devoid of citations, save a single citation to a court order. The unfinished nature of the Opposition is not solely limited to the introductory factual section. Page 7, the last full page of the brief, contains incoherent passages that seem to be the result of wayward editing or incomplete drafting.

Pl. Opp. Mot. to Amend, 5-6.

At midnight on March 29, 2010, five days after filing the opposition, Defendants moved to amend the opposition by substitution. Defendants explain that on March 29, 2010 "it was brought to Defendants' attention that their Opposition...appeared to be a draft version of the brief." Def. Mot. to Amend, 1. Defendants explain that "they had inadvertently uploaded a draft document from several days earlier instead of the final Opposition completed on March 24, 2010." *Id.* "Because the draft filed on March 24, 2010, but completed several days earlier, does not adequately make Defendants' arguments opposing remand to the state court, Defendants move the Court to accept the final Opposition." *Id.* at 1-2. Defendants attach what appears to be a final draft of the opposition as Exhibit 1 to the motion to amend. Defendants noticed a hearing on the motion for April 13, 2010.[1]

By minute order, this Court ordered Plaintiffs to file either an opposition or statement of non-opposition no later than March 31, 2010. Plaintiffs opposed the motion. In their response, Plaintiffs

---

[1] As Plaintiffs' point out, Defendants' hearing notice fails to comply with Local Rule 230. Defendants set the motion with insufficient notice, and made no request to shorten time to hear the motion.

pointed out that this Court's February 18 Order addressed Defendants' history of untimely filing. This Court found that Defendants "have failed to file a single document within the time limits set by this Court's local rules and this Court's orders." February 18 Order at 4. Defendants filed a late answer to Plaintiffs' complaint, an untimely opposition to Plaintiffs' preliminary injunction motion, and an out-of-time opposition to Plaintiffs' request for voluntary dismissal. Based on this pattern, this Court ordered Defendants' untimely opposition to Plaintiffs' request for voluntary dismissal to be stricken, and admonished Defendants that "failure to abide by this Court's orders and local rules will no longer be met with patience or leniency." February 18 Order at 4.

### Parties' Arguments

Defendants contend that this Court should use the Fed. R. Civ. P. 15(a) standard to consider their motion to amend by substitution. Defendants argue that the motion is not made in bad faith and is not made to delay the Court's decision. Defendants contend that the delay is not significant and Plaintiffs will not be prejudiced by the delay. Finally, Defendants argue that amendment by substitution would not be futile, because Defendants had significantly developed their arguments in the final version of the opposition. In the alternative, Defendants request that this Court order supplemental briefing on the motion to remand.

Plaintiffs argue that this Court should consider Defendants' motion under either a Fed. R. Civ. P. 60(b)(1) or Fed. R. Civ. P. 16(b) standard. Plaintiffs argue that this Court should deny Defendants' motion to amend because Defendants provide no compelling excuse for inadvertently filing the wrong opposition. Moreover, Plaintiffs maintain that Plaintiffs' "latest act of neglect and dilatory conduct" is inexcusable. Plaintiffs assert that this Court should strike Defendants' opposition for abuse of the judicial process and sanction Defendants for repeated violations of this Court's local rules and orders.

### Discussion

#### Standard of Review

Defendants' position that this Court should consider the motion under the liberal Fed. R. Civ. P. 15(a) standard is unpersuasive. The "freely given" standard of amending a pleading under Fed. R. Civ. P. 15(a) allows a plaintiff to amend the complaint "when justice so requires." But because this Court set deadlines for briefing on the remand motion in its February 18 Order, Defendants' request for

relief through this motion is more analogous to a motion to amend a pleading after a scheduling order has been filed pursuant to Fed. R. Civ. P. 16. Once a court has set deadlines by order, "the liberal amendment standard set out in Rule 15(a) is inapplicable until [the party] demonstrates 'good cause' as prescribed by Rule 16(b) justifies the amendment." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606-07 (E.D. Cal. 1999); *S & W. Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533 (5th Cir. 2003) (Fed. R. Civ. P. 16(b) governs amendment of pleadings after scheduling order deadline has expired); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (same). Here, Defendants requested to amend the opposition after the deadline for filing the opposition set by this Court's February 18 Order had expired. Accordingly, the Fed. R. Civ. P. 15(a) standard to amend a complaint is inapplicable.

Plaintiffs contend that the appropriate standard of review is under Fed. R. Civ. P. 60(b)(1), which permits a court, "on motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding for...mistake, inadvertence, surprise, or excusable neglect." Plaintiffs' argue that this standard applies because Defendants seek relief from this Court's February 18 Order scheduling deadline. This Court agrees that the standards set forth in Fed. R. Civ. P. 60(b)(1) are the most applicable under these circumstances. Accordingly, this Court considers Defendants' motion for leave to amend by substitution under the standards of this rule.[2]

**Amendment Unjustified**

To qualify for equitable relief, Plaintiffs must demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Engelson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). In a declaration, defense counsel Jeff R. Keohane ("Mr. Keohane") explains that "[a]t the end of the day on March 29, 2010, it was brought to my attention that the document contained highlighted text and blanks. On review it turned out that the document in the CM/ECF system is a draft of the Opposition from several days before March 24, 2010." Keohane Decl., ¶3. Mr. Keohane avers that he completed the opposition and filed it on March 24, 2010. He fails to explain why an incomplete

---

[2] In the alternative, even if this Court were to consider the motion under the Fed. R. Civ. P. 16(b) "good cause" standard, Defendants' motion would be denied. The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Defendants fail to demonstrate that they were diligent in seeking this amendment. In addition, Defendants provide no explanation as to why the draft was filed inadvertently. In their motion, Defendants fail to demonstrate good cause why this Court should grant Defendants' leave to amend.

4

version was uploaded or how he was unaware of the inadvertent filing of a draft that he signed and uploaded personally. Plaintiffs correctly point out that "rather than offering a reason for a 'mistake,' 'inadvertence,' or 'neglect,' Defendants simply ask this Court to accept that they failed to file their papers in an orderly manner simply due to mere oversight. This does not satisfy the standard and Rule 60(b) for granting relief[.]" Pl. Opp. Mot. to Amend, 5.[3]

Relief will not be granted if the mistake, inadvertence, or excusable neglect is due to the "carelessness on the part of the litigant or his attorney." *Engelson*, 972 F.2d at 1043. "Rule 60(b)(1)'s reference to 'inadvertence or excusable neglect' does not authorize relief from the consequences of negligence or carelessness. Rather, it requires some justification for an error beyond a mere failure to exercise due care." *Lomas and Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989) (internal citations omitted). In their motion and accompanying declaration, Defendants fail to justify why the draft was filed inadvertently. Defendants declare that Mr. Keohane signed and uploaded the document, but provide no explanation as to how or why he filed an unfinished version of the document by mistake. An "attorney's failure to read essential documents he himself signs and files" is one of the least compelling reasons to justify equitable relief. *Int'l Allied Printing Trades Ass'n. v. Am. Lithographers, Inc.*, 233 F.R.D. 554, 556 (N.D. Cal. 2006). Because Defendants provide no justification to warrant the relief requested, Defendants' motion to amend by substitution is denied.

**Additional Briefing**

Having read and reviewed Plaintiffs' memorandum brief in support of its motion to remand, and Defendants' incomplete and incoherent memorandum brief in opposition, this Court finds that supplemental briefing is necessary on the following issues:

(1) Does Plaintiffs' "right to relief necessarily depend on resolution of a substantial question of federal law" where, as here, each of Plaintiffs' claims relies on federal BIA decisions (and not tribal law) to establish that they constitute the Tribe's governing authority?;

(2) What specific authority supports Defendants' position that this Court has federal subject

---

[3] Plaintiffs further opine: "If not for defendants' request to substitute the finished version, which their counsel asserts was ready for timely filing on March 24, it might reasonably be inferred that the Opposition was still in the process of being written when defendants filed it, and that rather than submit yet another late paper, in violation of the court's Order, defendants chose simply to go with whatever they had at midnight." Pl. Opp. Mot. to Amend, 6.

5

matter jurisdiction to consider Plaintiffs' claims that, while based on state and tribal law, rely on decisions of the BIA?

(3) Does this Court lack subject matter jurisdiction (or is subject matter jurisdiction established) where, as here, Plaintiffs' complaint seeks the following forms of relief: (a) a declaration of the rights and obligations of the parties under "federal law;" (b) an injunction to prohibit Defendants from "maintaining bank accounts that are not authorized by the Constitution and Laws of the Tribe or federal law"; and (c) an "accounting of all monies Defendants diverted in violation of the Tribe's Constitution and laws, and federal law"?

In considering Defendants' failure to file an opposition properly to require supplemental briefing, Defendants' repeated failure to file a timely, finished document in this litigation, and this Court's February 18 Order warning Defendants that this Court will impose sanctions to address Defendants' failures, this Court uses its inherent powers to modify the supplemental briefing. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("primary aspect" of federal court's inherent power is the "ability to fashion an appropriate sanction"). Defendants' supplemental brief shall serve as the opposition to Plaintiffs' motion and shall replace Defendants' March 24, 2010 opposition. In addition, Defendants supplemental brief shall be **no longer than five pages**. Plaintiffs' supplemental document shall serve as a reply, and is limited to five pages in length as well. In its order below, this Court shall set a supplemental briefing schedule for the parties to address this Court's questions set forth above.

## CONCLUSION

For the foregoing reasons, this Court:

1. VACATES the April 13, 2010 hearing on this motion;
2. DENIES Defendants' motion to substitute by amendment;
3. ORDERS the parties to provide supplemental briefs to address the questions presented at pages and lines 5:22-6:8 of this Order;
4. SETS the following briefing schedule for the supplemental briefing:
    A. Defendants shall file and serve their supplemental opposition brief no later than **April 13, 2010 at 5 p.m.**;
    B. Plaintiffs shall file and serve their supplemental brief no later than **April 20,**

**2010.**

C. As set forth above, the parties' supplemental briefs shall be no longer than five pages in length.

D. This Court shall set a hearing, if necessary, after the Court reads and reviews the submitted supplemental briefs; and

E. **Defendants are admonished that failure to file the supplemental brief in a timely and complete manner will result in sanctions, including, but not limited to, dismissal of this action.**

IT IS SO ORDERED.

**Dated:**   **April 6, 2010**                         /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE